IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENEDICTO MARQUEZ,

    Plaintiff,

v.                                                                                      No. CV 14-0289 MV/LAM

GREGG MARCANTEL, COLEEN MCCARNEY,
JERRY ROARK, ROBERT STEWARD,
MICHAEL HOHMAN, HERMAN GONZALES,

    Defendants.

MEMORANDUM OPINION AND ORDER
DENYING RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration to Alter or Amend a Judgment (Doc. 20) filed on January 27, 2015. Plaintiff asks the Court to set aside the order that dismissed his civil rights complaint and to reinstate his claims. The Court will deny the motion.

Plaintiff's complaint sought relief for allegedly unconstitutional conditions of confinement during an eight-hour transport by corrections officers to a facility in Texas. Plaintiff also brought a due process claim for Defendants' alleged failure to classify his medical condition before the transport. In dismissing the Eighth Amendment claim, the Court found that Plaintiff did not allege that Defendants "disregard[ed] an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Court dismissed the due process claim for lack of standing because Plaintiff did not allege an "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), caused by Defendants' failure to classify his medical condition before the transport.

Plaintiff's motion to reconsider invokes both rule 59(e) and rule 60 of the Federal Rules of Civil Procedure. Even though Plaintiff specifically asks the Court to alter or amend the judgment, apparently seeking relief under rule 59(e), he asserts that the Court erred by overlooking certain

factual aspects of his claims, thus invoking rule 60(b) standards.  Under rule 59(e), relief is available "normally . . . only to correct manifest errors of law or to present newly discovered evidence."  *Santistevan v. Colorado School Of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (citing *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)).  On the other hand, relief may be available under rule 60(b) where, as alleged here, "mistake . . . [is one of] the reasons permitted." *Santistevan*, 150 F. App'x at 931.  Plaintiff's reason for seeking relief is that the Court allegedly misconstrued certain facts.  This is not a basis for relief under rule 59(e), *see id.*, and thus the Court evaluates the motion under the standards in rule 60(b).[1]

In his motion to reconsider, Plaintiff alleges that the conditions during transport were more severe than he asserted in the complaint.  He repeats the allegations of enduring a long trip without rest stops, and he adds details about the uncomfortable vehicle that was used and the carelessness of the drivers.  Nonetheless, as stated in the earlier order, although these additional allegations may describe wanton infliction of pain by the drivers, they do not support a claim that Defendants disregarded an excessive risk to Plaintiff's health or safety.  *See Farmer*, 511 U.S. at 825.  As a result, the 60(b) motion fails to justify granting relief from the order of dismissal.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration to Alter or Amend a Judgment (Doc. 20) filed on January 27, 2015, is DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Likewise, the time limits in rules 59(e) and 60(b) do not govern the Court's analysis of this motion, which was filed fifteen days after entry of the challenged order.  As the Court of Appeals for the Tenth Circuit has stated, "We recently held that district courts 'should evaluate postjudgment motions filed within [twenty-eight] days of judgment based on the reasons expressed by the movant, not the timing of the motion.' "  *Santistevan*, 150 F. App'x at 931; *see also* Fed. R. Civ. P. 59(e) (setting the twenty-eight-day limit for motions).